IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**ANNAMARIE UNKNOWN, ET AL.**                                          **PLAINTIFFS**

**VS.**                                           **CIVIL ACTION NO. 3:12cv671-TSL-MTP**

**ELECTORS FOR THE STATE OF MISSISSIPPI**                         **DEFENDANTS**

### REPORT AND RECOMMENDATION

This matter is before the court on the Motion for Leave to Proceed In Forma Pauperis [2] filed by Plaintiff Annamarie Unknown. Having considered the Motion [2] and the filings in this matter, the undersigned recommends that the Motion [2] be denied and that this matter be dismissed.

In her pleadings, Plaintiff states that her last name is "uncertain," although apparently it was "Reithmiller" at one time. Plaintiff, proceeding *pro se*, is attempting to bring this action on behalf of herself and approximately 649 other people, current or former mental patients of a psychiatrist in Florida. Plaintiff states that she is a resident of Bradenton, Florida. She lists the "Electors for the State of Mississippi" as the Defendants in this matter.

In her fifty-page "Motion for Declaratory Orders and an Interdict" [1] and attached affidavit, it appears Plaintiff is claiming that Barack Obama is ineligible as a candidate for the U.S. Presidency and seeks an order preventing Mississippi from listing him as a candidate on the November 2012 ballot. A search on PACER reveals that Plaintiff has recently filed numerous similar lawsuits in other federal district courts throughout the United States. In most of the cases that have considered her claims, the courts have denied Plaintiff's motions to proceed *in forma pauperis* (IFP) and/or dismissed the suits as frivolous. *See e.g., Annamarie Last Name Uncertain, a/k/a Annamarie Riethmiller v. Electors for the State of Maine*, 1:12-cv-293-DBH (D. Me.) (denying

IFP motion and recommending that suit be dismissed as frivolous); *Anna Marie D. Riethmiller v. Electors for the State*, 1:12-cv-00906-RJA (W.D.N.Y.) (dismissing suit as frivolous and stating that complaint was "wholly and utterly delusional"); *Annamarie Riethmiller v. Electors for the State of Alabama*, 2:12-cv-00823-SRW (M.D. Ala.) (dismissing suit as frivolous finding that plaintiff lacked standing); *Annamarie Riethmiller v. Electors for the State*, 2:12-cv-548-TOR (E.D. Wash.) (dismissing suit as frivolous "because it is a product of delusion or fantasy"); *Annamarie D Riethmiller v. Unknown Partes named as: Electors for the State*, 2:12-cv-02034-JAT (D. Ariz.) (allowing plaintiff thirty days to amend her complaint, although the court was "not convinced that Plaintiff can cure the deficiencies"); *Annamarie Unknown v. Electors for the State*, 1:12-cv-58 (W.D. Va.) (granting IFP motion; dismissing case as frivolous); *Annamarie D. Riethmiller v. US Electoral College, Electors, State of New Hampshire*, 1:12-fp-00363 (D. N.H.) (directing plaintiff to pay filing fee or file an IFP motion by November 27, 2012); *Annamarie Unknown v. Electors for the State*, 3:12-cv-128 (M.D. Ga.) (IFP motion still pending; filed on September 28, 2012); *Annamarie Reithmiller v. Electors for the State*, 3:12-cv-106-RAJ (W.D. Tex) (denying IFP motion); *Annamarie Riethmiller v. Electors for the State*, 5:12-cv-04117-JTM-DJW (D. Kan.) (IFP motion still pending; filed on September 24, 2012)*; AnnaMarie Riethmiller v. Electors for the State of Montana*, 9:12-cv-00164-DLC-JCL (D. Mont.) (IFP motion still pending; filed on September 25, 2012); *Annamarie Last Name Uncertain v Electors for the State*, 6:12-cv-01725-AA (D. Or.) (IFP motion still pending; filed on September 24, 2012)*; Annamarie Unknown v. Electors for the State*, 3:12-cv-601-BAJ-DLD (M.D. La.) (IFP motion still pending; filed on September 24, 2012).

Plaintiff has moved to proceed *in forma pauperis* in this matter under 28 U.S.C. § 1915. *See* Motion [2]. Even assuming that Plaintiff meets the financial prerequisites to proceed IFP, she must also establish that she has raised a non-frivolous issue. *See Flores v. U.S. Atty. Gen.*,

No.SA–11–CA–199–XR, 2011 WL 1486593, at *3, n.1 (W.D. Tex. Mar. 16, 2011) ("If the Court has the authority to dismiss a non-prisoner case as frivolous once it has been filed, then the Court has the inherent authority in a non-prisoner case to deny leave to proceed in forma pauperis to preclude the filing of a frivolous complaint or claim."), *adopted by Flores v. U.S. Atty. Gen.*, No. SA–11–CV–199–XR, 2011 WL 1486569, at *1 (W.D. Tex. Apr. 19, 2011). Pursuant to 28 U.S.C. § 1915(e)(2), "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal— (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B); *see also Ali v. Higgs,* 892 F.2d 438, 440 (5th Cir. 1990) (recognizing the court's authority "to test the proceeding" and deeming appropriate *sua sponte* evaluation of the merit of the asserted claim).

"A complaint is frivolous if it lacks an arguable basis in law or in fact." *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory[.]" *Perry v. Tex. Dep't of Criminal Justice*, 275 F. App'x 277, 278 (5th Cir. 2008) (quoting *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999)). "A complaint lacks an arguable basis in fact when the allegations are fanciful, fantastic, and delusional or when they 'rise to the level of the irrational or the wholly incredible.'" *Perry*, 275 F. App'x at 278 (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). This court is "vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff's complaint contains irrational and nonsensical allegations and does not include

sufficient supporting factual allegations to demonstrate a non-frivolous claim.[1]  *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990) ("An IFP complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under § 1915[e] [formerly (d)]").  Moreover, Plaintiff's standing to bring this action is dubious.  *See Riethmiller v. Electors for the State*, No. 1:12CV00058, 2012 WL 4742363, at *1 (W.D. Va. Oct. 4, 2012) (dismissing case as frivolous, finding that plaintiff lacked legal standing to bring claims).  Accordingly, the undersigned recommends that Plaintiff's Motion to proceed IFP [2] and Motion for Declaratory Orders and an Interdict [1] be denied and that this action be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## NOTICE OF RIGHT TO OBJECT

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event she desires to file objections to these findings and recommendations.  Plaintiff is further notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar her, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

---

[1] The court further notes that Plaintiff failed to include IFP applications for the 649 other proposed plaintiffs, and also that Plaintiff, who is not an attorney, cannot represent other plaintiffs.

4

Respectfully submitted, this the 10th day of October, 2012.

                                                        s/Michael T. Parker
                                                        United States Magistrate Judge